UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

JAMAL M. SAFA,

    Plaintiff,

vs.

DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, INC.,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff Jamal Safa sues the Defendant Deutsche Lufthansa Aktiengesellschaft, Inc. for damages and, in support thereof, alleges as follows:

## PARTIES

1. Plaintiff Jamal Safa ("Plaintiff") was and is a resident of the State of New Jersey.

2. Defendant Deutsche Lufthansa Aktiengesellschaft, Inc. ("Lufthansa"), was and is a German corporation with its principal place of business in Cologne, Germany, doing business in Miami-Dade County, Florida, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in the State of Florida.

3. At all times material, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida, 33324, is and was the Registered Agent for Lufthansa and is authorized to accept service of process pursuant to Florida Statute § 48.091.

## JURISDICTIONAL ALLEGATIONS

4. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

5. Jurisdiction is proper in the federal courts of the United States pursuant to 28 U.S.C. §1331(a), in that this is a civil action which arises under the laws and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention") and all relevant laws applicable or related thereto, including but not limited to the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, signed at Warsaw on October 12, 1929 (the "Warsaw Convention"), 49 U.S.C. § 1502 *et. seq.,* as amended by the *Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air*, done at The Hague on October 28, 1955 (the "Hague Protocol").

6. Venue is proper in this District pursuant to Article 33 of the Montreal Convention.

7. Additionally, venue in this District satisfies the requirements of 28 U.S.C. §1391 in that the Defendant is found in this District or is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On or about November 12, 2011, Lufthansa was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircraft owned, leased, operated, managed, maintained, and/or controlled by Lufthansa and its agents and/or employees.

9. As a common carrier, Lufthansa was and is obligated to provide the highest degree of care to its passengers.

10. On or about November 12, 2011, Lufthansa was the owner, lessee, operator, and/or entity in control of Lufthansa Flight LH427, from Philadelphia, Pennsylvania, USA, to Frankfurt, Germany (the "subject flight").

11. Lufthansa was the owner and/or operator of the aircraft utilized for the subject flight, and was the employer of the flight attendants and crew on the subject flight.

12. Lufthansa owned, operated, maintained, and/or otherwise controlled, by and through its agents or employees, acting within the course and scope of their employment, the subject aircraft and was responsible for the actions of its agents and/or employees, including but not limited to the flight attendants and crew.

13. On or about November 12, 2011, Plaintiff was a paying passenger on Lufthansa Flight LH427.

14. Approximately five hours into the subject flight, Plaintiff began experiencing severe chest pains.

15. Plaintiff immediately informed the flight attendants and/or crew on the subject flight of these pains.

16. In response, the flight attendants and/or crew provided Plaintiff only with water.

17. Shortly thereafter, Plaintiff collapsed into the aisle.

18. The flight attendants and/or crew moved Plaintiff into the galley.

19. After considerable delay, the flight attendants and/or crew gave Plaintiff oxygen and two sublingual pills, which are believed to have been nitroglycerin.

20. Plaintiff was not given any other necessary medication or treatment.

21. At this point, there were approximately two and a half hours left of flight time.

22. Given the length of flight time left remaining, Plaintiff requested that the flight be diverted to a closer airport.

23. Lufthansa, through its representatives, agents, and/or employees, refused to divert the subject flight and continued to the intended destination.

24. There were multiple airports at which the plane could have landed prior to its arrival in Frankfurt, Germany.

25. Upon landing in Frankfurt, Plaintiff was transported to a hospital where he underwent heart surgery.

26. Due to the delay in medical treatment, Plaintiff's condition deteriorated severely such that it was necessary for him to remain in an induced comatose state for a period of two weeks.

27. Plaintiff suffered through this coma and endured other serious and lasting permanent injuries, all of which could have been avoided with timely medical attention.

28. Plaintiff continues to suffer from the ailments and injuries associated with this ordeal.

29. Consequently, through no fault of his own, Plaintiff was seriously injured which injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

30. Plaintiff incorporates by reference all prior allegations above as if fully set forth herein.

31. At the time of the crash of the subject flight on or about November 12, 2011, there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

32. At the time of his injury, the Plaintiff was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

33. Pursuant to Article 17 of the Montreal Convention, Lufthansa, as the carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

34. On or about November 12, 2011, Lufthansa was the carrier of the Plaintiff, and he was on board the subject flight.

35. Lufthansa's liability under the Montreal Convention is absolute up to 100,000 Special Drawing Rights (SDR) pursuant to Article 21(1).

36. Pursuant to Article 21(2) of the Montreal Convention, Lufthansa is liable to the Plaintiff for all personal injury damages exceeding 100,000 Special Drawing Rights (SDR), unless the carrier proves (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful act or omission of a third party.

37. On or about November 12, 2011, as a result of Lufthansa's willful misconduct, including but not limited to its negligence, wrongful acts, and/or omissions, including without limitation its rendering of negligent medical assistance, failure to render adequate medical assistance,

and failure to divert the subject flight and land at a closer airport, and through no fault of his own, Plaintiff suffered bodily injury while onboard the subject aircraft.

38. Plaintiff's damages exceed 100,000 Special Drawing Rights (SDR).

39. As a direct and proximate result of the aforementioned negligent acts of Lufthansa, Plaintiff sustained permanent injury including, but not limited to, bodily injury, scarring, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses. The losses are permanent, and Plaintiff will suffer continuing losses in the future.

WHEREFORE, Plaintiff sues Lufthansa for compensatory damages, costs, and such other relief as this Court deems appropriate. Furthermore, Plaintiff demands a trial by jury of all issues triable as of right by a jury.

DATED this 14th day of February, 2012.

Respectfully submitted,

s/ Ricardo M. Martinez-Cid
Ricardo M. Martinez-Cid (FBN 383988)
rmcid@podhurst.com
**PODHURST ORSECK, P.A.**
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382
Attorney for Plaintiff