# PodhurstOrseck
TRIAL & APPELLATE LAWYERS

Aaron S. Podhurst
Robert C. Josefsberg
Joel D. Eaton
Steven C. Marks
Peter Prieto
Katherine W. Ezell
Stephen F. Rosenthal
Ricardo M. Martínez-Cid
Ramon A. Rasco
John Gravante III
Lea P. Valdivia
Matthew Weinshall

Robert Orseck (1934-1978)
Walter H. Beckham, Jr. (1920-2011)

Karen Podhurst Dern
Of Counsel

February 20, 2013

The Honorable Magistrate Judge William D. Wall
100 Federal Plaza
P.O. Box 9014
Courtroom 820
Central Islip, NY 11722-9014

    RE:    *Jamal Safa v. Deutsche Lufthansa Aktiengesellschaft, Inc.*,
             No. 2:12-cv-02950 (ADS) (WDW)
             Letter Motion Regarding Plaintiff's First Set of Interrogatories

Dear Judge Wall:

       Plaintiff moves to compel Defendant Deutsche Lufthansa Aktiengesellschaft, Inc. ("Lufthansa") to provide a better answer to interrogatory number 11 of Plaintiff's First Set of Interrogatories, which requests that Lufthansa "[p]lease describe any conversation(s) between Plaintiff and any crew member or Defendant Deutsche Lufthansa Aktiengesellschaft, Inc.'s employee, agent or representative, occurring during the subject flight, at the time of the subject accident, and/or after the subject accident." In support of its motion, Plaintiff states as follows:

       On October 29, 2012, Lufthansa served inadequate and incomplete answers to Plaintiff's Interrogatories. *See* relevant portions of RFP and Answer, Ex. 1. In an effort to resolve the dispute, Plaintiff wrote to Lufthansa, detailing the issues and applicable law. *See* Ex. 2. On January 2, 2013, the parties conferred by telephone and reached an agreement regarding a number of Plaintiff's requests, but were unable to reach an agreement regarding interrogatory number 11. Although Lufthansa provided an amended response to Plaintiff's First Set of Interrogatories on January 30, 2013, it did not supplement its response to this request. On February 4, 2013, Plaintiff sought confirmation that Lufthansa did not intend to supplement its response to interrogatory 11. *See* Ex. 3. In response, counsel for Lufthansa indicated that he would reply after looking into that specific request. *See* Ex. 3. On February 15, 2013, counsel confirmed that Lufthansa would not provide a supplemental response to interrogatory 11. *See* Ex. 4.

       Lufthansa's objections to interrogatory 11 are meritless. First, Lufthansa opens its Answers to Plaintiff's Interrogatories with a series of general objections that it incorporates into each of its Answers (including number 11), but for which it fails to provide any support. These

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

The Honorable Magistrate Judge William D. Wall
Page 2
February 20, 2013

objections, as well as Lufthansa's blanket objections throughout its Answers, fall far short of the standard required to object to an interrogatory: if the answering party objects to any of the interrogatories, the "grounds for objection must be stated with specificity." Fed. R. Civ. P. 33(b)(4). A "party wishing to object to an interrogatory may not merely repeat the familiar litany that the interrogatories are burdensome, oppressive or overly broad, but rather must specifically show how the interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, CV 06-1045 JFB AKT, 2007 WL 2743696 (E.D.N.Y. 2007). Lufthansa has waived the general objections that it asserted, which lacked any specific support. *See Roseberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D.P.A. 1980) ("To voice a successful objection to an interrogatory, [the responding party] . . . must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden.").

Lufthansa's objections asserted within its specific response to interrogatory 11 are also meritless. Interrogatory number 11 stated, "Please describe any conversation(s) between Plaintiff and any crew member or Defendant Deutsche Lufthansa Aktiengesellschaft, Inc.'s employee, agent or representative, occurring during the subject flight, at the time of the subject accident, and/or after the subject accident." Lufthansa responded: "Lufthansa incorporates its general objections. Lufthansa specifically objects because this interrogatory is vague, overly broad, unduly burdensome, and seeks information in the possession of Plaintiff. Lufthansa further objects as the information requested in this interrogatory is more appropriately sought in a deposition." Lufthansa has failed to specify how Plaintiff's Interrogatory is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (stating that all grounds for an objection to an interrogatory must be stated with specificity). Further, it is not proper to object to interrogatories on the ground that the information sought could more appropriately be elicited through depositions. *See Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y 1984) (finding that defendant's objection that interrogatories asked for information more appropriately elicited at depositions was without merit where interrogatories could result in narrowing of issues for trial and avoidance of unnecessary depositions); *see also Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-0201-E(F), 2003 WL 21384304, at *5 (W.D.N.Y. May 9, 2003) (An "objection that the information sought may be "elicited through deposition testimony" is improper because a responding party may not dictate which discovery device the requesting party should employ or in what order they should be employed.").

The Honorable Magistrate Judge William D. Wall
Page 3
February 20, 2013

      For the foregoing reasons, Plaintiff requests that the Court enter an order compelling Lufthansa to provide a response to interrogatory number 11.

                                      Sincerely,

                                      Ricardo M. Martínez-Cid

cc: Counsel of record (via e-mail)

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com