UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAL M. SAFA,<br><br>   Plaintiff,<br><br>v.<br><br>DEUTSCHE LUFTHANSA<br>AKTIENGESELLSCHAFT, INC., a foreign<br>corporation,<br><br>   Defendant. | **NOTICE OF SERVICE OF<br>PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES<br>TO DEFENDANT, DEUTSCHE<br>LUFTHANSA<br>AKTIENGESELLSCHAFT, INC.**<br><br>Case No. 12-cv-2950-ADS-WDW |

Plaintiff, Jamal M. Safa, pursuant to Federal Rules of Civil Procedure 26 and 33, propounds

the attached Interrogatories to Defendant, Deutsche Lufthansa Aktiengesellschaft, Inc., a foreign

corporation, who is requested and required to answer same, under oath and in writing, within the

time allowed.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

electronic mail and U.S. Mail on this 28th day of August, 2012, to: Joseph J. Ortego and Thomas M.

Mealiffe, Nixon Peabody, Attorneys for Defendant, 50 Jericho Quadrangle, Suite 300, Jericho, New

York 11753-2728.

         s/ Ricardo M. Martinez-Cid
         Ricardo M. Martinez-Cid (FBN 383988)
         Email: rmcid@podhurst.com
         **PODHURST ORSECK, P.A.**
         25 West Flagler Street, Suite 800
         Miami, FL 33130
         Telephone: (305) 358-2800
         Fax: (305) 358-2382
         *Attorney for Plaintiff*



Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

10.     Do you intend to call any expert witnesses at the trial of this case?  If so, state  as to each such witness the name and business address of the witness, the witness's  qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

11.     Please describe any conversation(s) between Plaintiff and any crew member or Defendant Deutsche Lufthansa Aktiengesellschaft, Inc.'s employee, agent or representative, occurring during the subject flight, at the time of the subject accident, and/or after the subject accident.

7

Podhurst Orseck, P.A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMAL M. SAFA,

                                    Plaintiff,

            - against -

DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, INC.,
*a foreign corporation,*

                                    Defendant.

Civil Action No.:
2:12-cv-02950 (ADS)(WDW)

**DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Deutsche

Lufthansa Aktiengesellschaft ("Defendant" or "Lufthansa"), by and through its attorneys Nixon

Peabody LLP, hereby respond and object to Plaintiffs' First Set of Interrogatories

("Interrogatories").  Defendant's response is based on the best information currently available

and it reserves the right to amend or supplement its response to the extent required pursuant to

the Federal Rules of Civil Procedure (FRCP).

## GENERAL OBJECTIONS

1.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek to

discover documents, information or materials that are protected from disclosure by the attorney-

client privilege, work-product doctrine, self-critical analysis doctrine or by any other privilege or

immunity.  The inadvertent production of any privileged information, documents or materials

shall not be deemed to be a waiver of any applicable privilege with respect to such information,

documents or materials.

2.      Lufthansa objects to plaintiff's interrogatories to the extent that they are overly

broad, unreasonable and unduly burdensome.

3.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek documents, information or materials that are not relevant to the claims or defenses of any party and because they are not likely to lead to the discovery of relevant, admissible evidence.

4.      Lufthansa objects to plaintiff's interrogatories to the extent they are vague, ambiguous, not subject to reasoned interpretation, and fail to put Lufthansa on reasonable notice of the information being requested.

5.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek information not reasonably limited in scope regarding corporate entity, geography, store location, and/or employee position.

6.      Lufthansa objects to plaintiff's interrogatories to the extent that they are not reasonably limited in time and/or call for information outside the applicable periods of limitation.

7.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek confidential business information that is proprietary in nature or which is not relevant to the claims or defenses of any party in this action, the disclosure of which might violate the privacy and other legal rights of the Lufthansa or their employees.

8.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek confidential and/or personal information that concern individuals who are not parties to this action and/or individuals who did not participate in any employment decision affecting plaintiff, the disclosure of which might violate the privacy rights of, or prejudice, those individuals.

9.      Lufthansa objects to plaintiff's interrogatories to the extent that they seek documents, information or materials not in defendant's possession, custody or control and, therefore, impose obligations beyond those mandated by the Federal Rules of Civil Procedure.

10.    Lufthansa objects to plaintiff's interrogatories to the extent that they seek information already in plaintiff's possession or within their knowledge.

11.    Lufthansa's responses are based on the best information presently available, and Lufthansa reserves the right to amend or to supplement its responses if it obtains other or additional information, but states that it is not obligated to produce documents created after the date of this response.

## INTERROGATORIES

INTERROGATORY NO. 1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

RESPONSE NO. 1.

Lawrence E. Mullins, Legal Counsel.

INTERROGATORY NO. 2. Describe any and all policies of insurance, including excess or umbrella policies, which you contend cover or may cover you for the allegations set forth in Plaintiff's complaint, detailing as to such policies: the name of the insurer, number of the policy, the effective dates of the policy, the available limits of coverage, including coverage for personal injury and property damage, liability, and the name and address of the custodian of the policy.

RESPONSE NO. 2. Lufthansa incorporates its general objections. Lufthansa further objects because this request seeks information that is not relevant to Plaintiff's claims or likely to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Lufthansa states that it is insured under a policy with Allianz Global Corporate & Specialty AG, Munich Germany, in an amount well in excess of the amount in controversy.

RESPONSE NO. 9. Lufthansa incorporates its general objections. Lufthansa specifically objects because this request seeks information that is not relevant to Plaintiff's claims or likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Lufthansa refers Plaintiff to crew list provided in response to Plaintiff's First Request for Production at document Bates Stamp Numbered LUF001611.

INTERROGATORY NO. 10. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

RESPONSE NO. 10. Lufthansa incorporates its general objections. Lufthansa specifically objects to the extent that this interrogatory seeks non-discoverable expert information beyond what is provided for under the Federal Rules of Civil Procedure. Subject to and without waiving said objection, Lufthansa states that it has not retained an expert at this time, and if and when such an expert is retained Lufthansa will make the disclosures as required by Federal Rule of Civil Procedure 26(a)(2).

INTERROGATORY NO. 11. Please describe any conversation(s) between Plaintiff and any crew member or Defendant Deutsche Lufthansa Aktiengesellschaft, Inc.'s employee, agent or representative, occurring during the subject flight, at the time of the subject accident, and/or after the subject accident.

RESPONSE NO. 11. Lufthansa incorporates its general objections. Lufthansa specifically objects because this interrogatory is vague, overly broad, unduly burdensome, and seeks

information in the possession of Plaintiff. Lufthansa further objects as the information requested

in this interrogatory is more appropriately sought in a deposition.

Dated:   October 29, 2012
         Jericho, New York

                                         **NIXON PEABODY LLP**

                                         By: _____
                                             Joseph J. Ortego, Esq.
                                             Thomas M. Mealiffe, Esq.
                                             50 Jericho Quadrangle, Suite 300
                                             Jericho, New York 11753-2728
                                             (516) 832-7500
                                             jortego@nixonpeabody.com
                                             *Attorneys for Defendant*

To:

Ricardo M. Martinez-Cid
Podhurst Orseck, P.A.
*Attorneys for Plaintiff*
25 West Flagler Street, Suite 800
Miami, FL 33130

- 8 -