# Podhurst Orseck
## TRIAL & APPELLATE LAWYERS

Aaron S. Podhurst
Robert C. Josefsberg
Joel D. Eaton
Steven C. Marks
Peter Prieto
Katherine W. Ezell
Stephen F. Rosenthal
Ricardo M. Martínez-Cid
Ramon A. Rasco
John Gravante III
Lea P. Valdivia
Matthew Weinshall

Robert Orseck (1934-1978)
Walter H. Beckham, Jr. (1920-2011)

Karen Podhurst Dern
Of Counsel

December 19, 2012

Thomas M. Mealiffe, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728

RE: *Jamal Safa v. Deutsche Lufthansa Aktiengesellschaft, Inc.*,
No. 2:12-cv-02950 (ADS) (WDW)
Our File No. 10412

Dear Mr. Mealiffe:

Plaintiff writes regarding Defendant's Answers to Plaintiff's First Set of Interrogatories. A number of your Responses are inadequate. Defendant opens its Answers to Plaintiff's Interrogatories with a series of general objections that it incorporates into each of its Answers, but for which it fails to provide any support. These objections, as well as Defendant's blanket objections throughout its Answers, fall far short of the standard required to object to an interrogatory: if the answering party objects to any of the interrogatories, the "grounds for objection must be stated with specificity." Fed. R. Civ. P. 33(b)(4). A "party wishing to object to an interrogatory may not merely repeat the familiar litany that the interrogatories are burdensome, oppressive or overly broad, but rather must specifically show how the interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, CV 06-1045 JFB AKT, 2007 WL 2743696 (E.D.N.Y. 2007). Defendant has waived the general objections that it asserted, which lacked any specific support. *See Roseberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D.P.A. 1980) ("To voice a successful objection to an interrogatory, [the responding party] . . . must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden."). Plaintiff turns now to the specific interrogatories for which better answers are required.



EXHIBIT 2

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

Thomas M. Mealiffe, Esq.
Page 2
December 19, 2012

Interrogatory Number 2

Plaintiff's Interrogatory No. 2 stated: "Describe any and all policies of insurance, including excess or umbrella policies, which you contend cover or may cover you for the allegations set forth in Plaintiff's complaint, detailing as to such policies: the name of the insurer, number of the policy, the effective dates of the policy, the available limits of coverage, including coverage for personal injury and property damage, liability, and the name and address of the custodian of the policy." Defendant responded: "Lufthansa incorporates its general objections. Lufthansa further objects because this request seeks information that is not relevant to Plaintiff's claims or likely to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Lufthansa states that it is insured under a policy with Allianz Global Corporate & Specialty AG, Munich, Germany, in an amount well in excess of the amount in controversy." Defendant's Answer is not complete because it does not provide the effective dates of the policy, does not specify the available limits of coverage, including coverage for personal injury and property damage, liability, and does not provide the name and address of the custodian of the policy. Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure requires, as part of the initial disclosures, production of, "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action . . . ." This information is relevant, and Plaintiff is entitled to it.

Interrogatory Number 6

Interrogatory 6 asks Defendant to, "State the factual basis upon which you rely for each affirmative defense in your answer as well as the names, addresses, and phone numbers of all persons who may potentially support such defenses." Defendant responded: "Lufthansa incorporates its general objections. Lufthansa specifically objects as this interrogatory is premature with discovery in its initial stages. Lufthansa further objects to the extent that this interrogatory calls for or requires conclusions of law or legal argument, and is therefore not appropriate for an interrogatory. Subject to and without waiving said objection, Lufthansa states that there was no 'accident' onboard the subject flight, as the events on the subject flight were the result of a condition of Plaintiff's unrelated to Lufthansa and the subject flight, and for which Plaintiff received treatment from two physicians onboard the subject flight, in accordance with Lufthansa policies and procedures. Lufthansa further refers Plaintiff to its Rule 26 Initial Disclosures served in this matter, for identification of individuals with information concerning this matter." First, Defendant's general objections fail to satisfy its obligations under the Rules. *See* Fed. R. Civ. P. 33 advisory committee's notes ("Paragraph (4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived."). Second, Plaintiff does not seek a legal conclusion. Rather Plaintiff is requesting the factual basis for a legal defense. *See* Fed. R. Civ. P. 33 ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . ."); *see also Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y 2009) ("The interrogatory at issue is a contention interrogatory, which is permitted by Rule 33(c) and serves to discover the theory of the responding party's case."). Third, this request is not

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

Thomas M. Mealiffe, Esq.
Page 3
December 19, 2012

premature because Defendant's response would assist in clarifying the relevant issues and identifying witnesses without imposing undue burden on Defendant. *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 235 (E.D.N.Y. 2007) (declining to impose a blanket rule that contention interrogatories are inappropriate until the parties have completed, or are close to completing, discovery, and requiring contention interrogatory to be answered at early stage in discovery). Finally, Defendant's reference to its Rule 26 Initial Disclosures is not sufficient to allow Plaintiff to obtain a description of each individual's involvement. Nor does it inform Plaintiff as to which affirmative defense such individuals are supporting. Further, Defendant's Initial Disclosures do not identify the names, addresses, contact information, or a description of each individual's involvement.

Interrogatory Number 7

Plaintiff's Interrogatory No. 7 stated, "Please identify all persons who are believed or known by you, your agents or attorneys to have any knowledge pertaining to any of the issues in this lawsuit; and specify the subject matter about which the person has knowledge, and provide their addresses and phone numbers." Defendant responded: "Lufthansa incorporates its general objections, Lufthansa specifically objects because this interrogatory is vague, ambiguous, and overbroad. Lufthansa further objects because this interrogatory seeks information protected by attorney-client privilege or the attorney work product doctrine. Subject to and without waiving said objection, Lufthansa refers Plaintiff to its Rule 26 Initial Disclosures served in this matter." Defendant has failed to satisfy its burden to specify the grounds for its objections. *See* Fed. R. Civ. P. 33. Defendant's blanket objections do not comply with the privilege requirements under either the Federal Rules or the Local Rules of the Eastern District. *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring respondent to produce a privilege log that describes the documents or things being withheld); *see also* Local Civil Rule 26.2(a)(2)(A) (mandating that the attorney seeking privilege provide within the objection "(i) the type of document ...; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum...."). The failure to furnish an adequate privilege log is grounds for rejecting a claim of attorney client privilege. *See Convermat Corp.* 2007 WL 2743696, at * 6. Finally, reference to Defendant's Initial Disclosures is an incomplete response to Interrogatory No. 7: Defendant failed to provide the individuals' names, addresses, phone numbers, or the subject matter about which the person has knowledge.

Interrogatory Number 8

Interrogatory No. 8 stated, "Please identify the passengers who were within 10 rows in front and 10 rows behind the Plaintiff on the subject flight, and provide their addresses and phone numbers." Defendant responded: "Lufthansa incorporates its general objections. Lufthansa specifically objects because this request seeks information that is not relevant to Plaintiff's claims or likely to lead to the discovery of admissible evidence. Lufthansa further objects as the information sought is protected from disclosure by German privacy laws." Plaintiff's request is relevant. Rule 26(a)(1)(A) requires, as part of the initial disclosure in every

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

Thomas M. Mealiffe, Esq.
Page 4
December 19, 2012

civil case, production of, "The name, and if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subject of the information." Each of the passengers likely has discoverable information relevant to this case, and disclosure of the passenger's names and contact information is necessary so that Plaintiff can contact those individuals as potential witnesses. Also, Defendant failed to demonstrate that the foreign law applies to the requested discovery. The party relying on foreign law "bears the burden of demonstrating that such law actually bars the production or testimony at issue. In order to meet that burden, the party resisting discovery must provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law." *Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y 1993) (citations omitted). Defendant failed to specify the German law that prohibits disclosure, and therefore must produce the identifying information.

Interrogatory Number 11

Interrogatory No. 11 stated, "Please describe any conversation(s) between Plaintiff and any crew member or Defendant Deutsche Lufthansa Aktiengesellschaft, Inc.'s employee, agent or representative, occurring during the subject flight, at the time of the subject accident, and/or after the subject accident." Defendant responded: "Lufthansa incorporates its general objections. Lufthansa specifically objects because this interrogatory is vague, overly broad, unduly burdensome, and seeks information in the possession of Plaintiff. Lufthansa further objects as the information requested in this interrogatory is more appropriately sought in a deposition." Defendant has failed to specify how Plaintiff's Interrogatory is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (stating that all grounds for an objection to an interrogatory must be stated with specificity). Further, it is not proper to object to interrogatories on the ground that the information sought could more appropriately be elicited through depositions. *See Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y 1984) (finding that defendant's objection that interrogatories asked for information more appropriately elicited at depositions was without merit where interrogatories could result in narrowing of issues for trial and avoidance of unnecessary depositions); *see also Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-0201-E(F), 2003 WL 21384304, at *5 (W.D.N.Y. May 9, 2003) (An "objection that the information sought may be "elicited through deposition testimony" is improper because a responding party may not dictate which discovery device the requesting party should employ or in what order they should be employed.").

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

Thomas M. Mealiffe, Esq.
Page 5
December 19, 2012

    Please provide better Responses to the above referenced interrogatories by January 4, 2013, or we will be compelled to seek the Court's assistance. Thank you for your attention to this matter.

                Sincerely,

                Ricardo M. Martinez-Cid

RMC/ jap

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com