MANDATE

14-3714
*Jamal M. Safa v. Deutsche Lufthansa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

JAMAL M. SAFA,

    *Plaintiff-Appellant,*

-v.-    No. 14-3714

DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, INC.,

    *Defendant-Appellee.*

MANDATE ISSUED ON 11/25/2015

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | STEPHEN F. ROSENTHAL (Ricardo Martinez-Cid, *on the brief*), Podhurst Orseck, P.A., Miami, FL. |
| FOR DEFENDANT-APPELLEE: | THOMAS M. MEALIFFE (Joseph J. Ortego, *on the brief*), Nixon Peabody LLC, Jericho, NY. |

Appeal from the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Jamal M. Safa ("Safa") brought this action pursuant to the Montreal Convention against Defendant-Appellee Deutsche Lufthansa Atkiengesellschaft, Inc. ("Lufthansa") for damages resulting from the airline's response to Safa's medical incident on board an international flight. After lengthy discovery, Lufthansa moved for summary judgment, arguing that the undisputed facts demonstrated that no "accident" as defined by Article 17 of the Montreal Convention had occurred because Lufthansa's crew had materially adhered to all applicable policies and procedures in responding to Safa's medical incident. The District Court, though recognizing that an airline's deviation from

2

expected policies and procedures can constitute an "accident" under the Montreal Convention, granted Lufthansa's motion.[1]

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could, viewing the evidence in the light most favorable to the non-movant, find in favor of the non-movant. *Magan*, 339 F.3d at 161.

We see no material factual dispute on the record barring judgment as a matter of law.[2] Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] We review a grant of summary judgment *de novo*. *Magan v. Lufthansa German Airlines*, 339 F.3d 158, 160 (2d Cir. 2003). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

[2] Safa argues that the District Court applied an incorrect standard in determining whether Lufthansa's actions constituted an "accident" under the Montreal Convention. Because no material factual dispute exists regardless of the standard applied, we need not reach this issue and decline to do so here.